JOHN A. DENNARD, and ALFRED KEARSEY, security on appeal, plaintiffs in error, vs. GREEN B. MAYO, defendant in error.

Surety to appeal bond, against whom the plaintiff failed to enter judgment at the Term when the verdict was obtained, may oppose a motion, at a subsequent Term, to enter judgment against him by any evidence which will establish fraud in the verdict against him, and he is not compelled to make affidavit of the truth of the facts on which he relies.

Motion to enter judgment against security on the appeal, from Lee. Tried before Judge ALLEN, March Term, 1858.

Plaintiff below made the motion to the Court, when defendant Kearsey plead that said judgment and execution in this case against principal was paid off and discharged, and that the said judgment was obtained by a fraudulent collusion of the plaintiff and defendant Dennard, who was insolvent, and that the note was paid off before judgment; and that the plaintiff had a mortgage upon the property sufficient to pay the note, which was turned over to the plaintiff in satisfaction of the note, and with notice the plaintiff got the judgment in fraud of the rights of the defendant, Kearsey.

The Court overruled the pleas, on the ground that they were not verified. Defendant's counsel excepted, and assign error.

McCay & Hawkins, for plaintiff in error.

Pearman & Kimbrough, for defendant in error.

*By the Court.*—McDonald, J. delivering the opinion.

The defendant in error, as plaintiff in the Court below, recovered a verdict on the appeal trial, against John A. Dennard. Alfred Kearsey was the security of Dennard on the appeal bond. The defendant in error entered a judgment on his verdict on appeal, against Dennard, the principal, alone. At the last Term of the Court in which the verdict was rendered, the defendant in error, plaintiff in the Court below, moved to enter judgment against the plaintiff in error, as security. He appeared and filed as objections, that the judgment was paid; that a note had been given in satisfaction of the same; that John Dennard was insolvent at the time the payment was made, and that the judgment was fraudulently obtained, by collusion and concert between the defendant in error, and the defendant in the Court below, Dennard. The Court overruled the objections, and allowed the defendant in error to enter judgment against the surety. On this judgment of the Court below, error is assigned. The plaintiff in the Court below, on obtaining a verdict on the appeal trial, had a right to enter a judgment against the principal and surety, jointly or severally, within four days after the adjournment of the Court. *Cobb*, 494–8. If he omitted to do it, he must move the Court for leave, and give notice of the motion to the opposite party. This he did. It then became the right of the surety to oppose the motion, and to prove any matter against it, showing that the verdict was fraudulent and void, as to him.

Dennard and Kearsey vs. Mayo.

If the plaintiff below had received payment before the trial Term, and notwithstanding proceeded, in collusion with the principal, to take a verdict, in order to raise the money from the surety, or had otherwise fraudulently obtained a verdict, it would be competent for the surety to move to set it aside, so far as it affected his rights. Of the jurisdiction of the Court, in such a case, there can be no question. If he could, upon satisfactory proof, set such a procedure aside, he can certainly resist the completion of the fraud; and if the plaintiff can only avail himself of it, through the aid of the Court, he will not be assisted if the facts appear.

It is not necessary for the surety to make affidavit of the fraud or collusion. His defence is in the nature of a plea in bar, which need not be sworn to. It is not a plea of *puis darrein continuance*, which must ordinarily be filed on an affidavit of facts. But it is a *new* proceeding on the part of the plaintiff, made necessary by his own negligence, and the defendant has a right to oppose it, if he have merits. If the facts had been sworn to by him, his affidavit could not have been evidence for him. His defence he must sustain by other testimony than his own oath. The payment which he sets up must, of course, be proven to be an absolute payment, and subject to no condition. It is not pretended that the surety has been *released* by the conduct of the plaintiff to his injury, but that the debt *was paid*, and that the verdict is fraudulent, as to the surety.

Judgment reversed.